IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-728-D

| | | |
|---|---|---|
| MARASBY LOUIS COVINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CATHELEAN LITTLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Marasby Louis Covington ("Covington" or "plaintiff"), a former prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Covington has not applied to proceed in forma pauperis or paid the filing fee. As explained below, the court dismisses Covington's complaint.

A district court has "the inherent authority . . . to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous." Gibson v. NSA, No. CA 6:15-132-HMH-JDA, 2015 WL 1519970, at *2 (D.S.C. Mar. 12, 2015) (unpublished) (collecting cases), report and recommendation adopted, 2015 WL 1520000 (D.S.C. Mar. 30, 2015) (unpublished); see Mallard v. U.S. Dist. Court, 490 U.S. 296, 307–08 (1989); Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam).

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Filarsky v. Delia, 132 S. Ct. 1657, 1661–62 (2012); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

> Covington alleges:
>
> While on probation, I Mr. Marasby Covington #0089616, was scheduled to report in at 3:00 pm on 7/19/14. On this date I reported two hours early for my appointment[.] [U]pon arrival they had me see another Probation Officer, who was not my P.O. He then violated me for being early of my scheduled appointment time. The officer [defendant] Brian Taylor was not my P.O. And he took my case on his own. He then convicted me with no probable cause and no technical violation.
>
> This is a violation of my 4th and 14th Amendment rights. I had asked [defendant] Cathelean Little to assign me another Probation Officer due to the fact Officer Frank was gay and he had made a pass at me and this is when my trouble started as P.O. Brian Taylor took my case and violated me on the spot.

Compl. [D.E. 1] 3–4. Covington "seek[s] conscious pain and suffering for both punitive and compensatory damages." Id. 4.

Covington's challenge to the probation revocation proceedings fails. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must

2

prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486–87 (1994) (footnote omitted). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Heck's favorable termination requirement applies not just to criminal convictions, but also to ancillary proceedings such as parole or probation revocation proceedings. See, e.g., Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006); Coleman v. Dretke, 395 F.3d 216, 219 n.2 (5th Cir. 2004); White v. Gittens, 121 F.3d 803, 806–07 (1st Cir. 1997). Because Covington's probation revocation has not been overturned or otherwise invalidated, Covington's efforts to use section 1983 to recover damages fail. See Heck, 512 U.S. at 487.

In sum, the court DISMISSES the action for failure to state a claim. The clerk shall close the case.

SO ORDERED. This 19 day of May 2016.

JAMES C. DEVER III
Chief United States District Judge

3